**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROGER LEWIS BALL, | No. 08-36054 |
| Plaintiff - Appellant, | D.C. No. 6:07-cv-06099-AA |
| v. | |
| STATE OF OREGON; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Roger Lewis Ball appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging a due process violation and various state

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

LSS/Research

law claims resulting from his confinement in Oregon State Hospital. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly determined that Ball's due process claim is time-barred. *See* Or. Rev. Stat. § 12.110(1) (statute of limitations governing personal injury actions is two years); *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003) ("The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions."); *Montana Pole & Treating Plant v. I.F. Laucks & Co.*, 993 F.2d 676, 678 (9th Cir. 1993) ("[T]he critical determination of when an action accrues is knowledge of the facts essential to the cause of action.").

Similarly, the district court properly determined that Ball's state law claims were barred by the Oregon Tort Claims Act's ("OTCA") two-year statute of limitations. *See* Or. Rev. Stat. § 30.275(9); *Dowers Farms, Inc. v. Lake County*, 607 P.2d 1361, 1367 (Or. 1980) (holding that the OTCA's statute of limitations begins to run when the plaintiff was aware, or should have been aware, that the alleged harm was caused by the defendant).

Ball's remaining contentions are unpersuasive.

**AFFIRMED.**